IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

*FILED*
at Santa Fe, NM

APR - 4 2001

ROBERT M. MARCH, Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**RONALD D. TYM**
on behalf of himself and as parent
and the legal representative of
**FORREST B. TYM,** a minor,

      Plaintiff,

      vs.                   CIV 01-267 BBB/LCS

**SANTA FE PREPARATORY SCHOOL,
JAMES W. LEONARD, CHRISTINA
GRIFFITH, AND ROB WILDER,**

      Defendants

### DEFENDANT'S PROPOSED
### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

      Following the Court's hearing on March 26, 2001 on Plaintiff's request for temporary

and preliminary injunctive relief, the Court has invited the parties to submit proposed findings of fact

and conclusions of law as to the matters heard and decided on that date.  The Defendants hereby

submit the following as their proposed findings of fact and conclusions of law for adoption by the

Court:

### PROPOSED FINDINGS OF FACT

1.       Defendant Santa Fe Preparatory School (hereinafter Santa Fe Prep) is a

      private college preparatory school.

2.       Santa Fe Prep is not a special needs school  and its programs are not designed

      for students with learning disabilities severe enough that the disability

rv13\00352.p
867.000604

significantly and adversely affects the student's education.

3.      Plaintiff Forrest Tym is a student in his senior year at Santa Fe Prep.

4.      Plaintiff Ronald Tym and Constance "Dakota" Blair, Forrest's parents, had

Forrest tested in the summer of 1999 by Karen K. Milstein, PhD. for possible

learning disabilities.

5.      Dr. Milstein's evaluation concluded that Forrest experiences auditory and

visual perceptual problems in a manner somewhat like Attention Deficit

Hyperactivity Disorder, Exhibit H, pp. 5, 8, 11.  Although some findings

were inconsistent with such diagnosis, Dr. Milstein's report does not find

evidence of dyslexia. *Id.*

6.      No professional evidence or opinion was presented supporting a diagnosis

of severe clinical depression.

7.      Dr. Milstein did not recommend special education services for Forrest.

8.      Dr. Milstein recommended that the family engage in counseling, obtain the

services of a tutor who is trained in students with different learning styles and

consider medication for Forrest. *Id.* at 11-12.

9.      Dr. Milstein suggested that Forrest's teachers present material in more than

one modality.  Appropriate teaching strategies for Forrest would include

assuring that he has an assignment book and that all assignments, with due

dates, are entered. *Id.* at 12, paragraph 3.  This is the only recommendation

addressed to the school.

10. Forrest's parents retained and paid for a private tutor, Mr. Eric Rounds, for the 1999-2000 school year. His services were not continued in the 2000-2001 school year.

11. Forrest's teachers at Santa Fe Prep provided accommodations by giving Forrest individualized attention; unlimited time for tests; allowing Forrest to submit projects and homework late; changing schedules in order to allow make-up exams and assignments, revising deadlines, and offering or providing tutoring and one-on-one assistance, instruction and advisement.

12. Santa Fe Prep provided Forrest with a school planner/assignment book. Ex. P.

13. Santa Fe Prep sends student progress and grade reports home to the parents four times per year, with a narrative description of the student's performance, progress and identified problems. Ex. A, B, C and D.

14. Forrest has had many unexcused absences from classes at Santa Fe Prep during the 2000-2001 school year, and especially during the third quarter. Ex. L.

15. Santa Fe Prep staff has sent multiple notes home to the parents advising of his academic difficulties, failure to submit or complete work or projects, non-attendance, and his risk of failure and not graduating. Ex. E, F and K.

16. Forrest's unexcused absences have contributed to his low academic standing during the third quarter.

17.   Forrest's failure to submit or complete assignments has contributed to his declining academic standing during the third quarter.

18.   Santa Fe Prep has provided Forrest's parents with timely information regarding Forrest's declining academic status and the risk that he may not graduate. Ex. E, F, and K.

19.   The Santa Fe Prep Student/Parent Handbook and the student planner contain the School's policies and its expectations of students. Ex. M and P.  They include the School's college preparatory mission, the authority to impose disciplinary consequences for unexcused absences, and the risk of failure if student misses more than six sessions of a class in a semester ("Attendance Policy," Ex. M, p. 7); the authority to revoke off campus privileges if a student is not in good academic standing ("OCP," *Id.* at p. 10); the authority to discipline for cutting class or leaving campus without permission ("Disciplinary Consequences," *Id.* at p. 11-12); the authority to place a student on academic probation requiring significant sustained improvement, calling for possible removal if improvement not shown ("Academic Difficulty," *Id.* at p. 16); and a requirement that all students maintain passing grades in four courses, not fail more than one course, and maintain a minimum GPA of 2.0 in each grading quarter to be eligible to participate in extracurricular activities or athletics ("Athletics," *Id. at 17.*).

20.   Unless Forrest and his parents take the responsibility to assure Forrest's

rv13\00352.p
867.000604

4

commitment to regular attendance and to his academic responsibilities during the upcoming final quarter, he will continue to jeopardize his graduation from Santa Fe Prep this spring.

21.   Forrest's parents have not sought special education services for Forrest from the local public school district, as they are entitled to do under 20 U.S.C. Section 1412(a)(3)(A).

22.   Santa Fe Prep is an entity covered by Title III of the Americans with Disabilities Act, 42 U.S.C. § 1218 *et seq.*, (ADA), addressing "Public Accommodation."   ADA coverage does not, as a matter of law, transform Santa Fe Prep into a special needs school.

23.   To prevail on a claim against a private college preparatory school under the ADA, a student is required to show 1) he was disabled within the meaning of ADA; 2) he was "otherwise qualified" for participation in the program; 3) he made a request for reasonable accommodation; and 4) the school denied his request.

24.   In order for Forrest to be considered "otherwise qualified" for the academic program at Santa Fe Prep within the scope of the ADA, he must show that he is able to meet all academic requirements of the School <u>in spite of his handicap or disability</u>.

25.   Santa Fe Prep is not required, as part of a "reasonable accommodation" of a student learning disability, to substantially alter its program or lower its

academic standards.

26.     The evidence presented at the hearing on March 26, 2001 demonstrates that Santa Fe Prep has provided reasonable accommodations to Forrest.

27.     The evidence provided at the hearing on March 26, 2001 demonstrates that Forrest's declining academic status was not caused by Santa Fe Prep's failure to provide reasonable accommodations.

28.     Dr. Milstein's evaluation and the evidence provided at the hearing failed to demonstrate that Forrest is an otherwise qualified disabled individual within the meaning of Title III of the ADA.

29.     Modifications of Santa Fe Prep's policies, procedures and practices as demanded by Plaintiff, beyond those actions taken by Santa Fe Prep to assist Forrest to date, would substantially alter Santa Fe Prep's program and cause it to lower its academic standards.

30.     Plaintiffs' evidence at the preliminary injunction hearing failed to demonstrate that Defendants' actions have resulted in intentional infliction of emotional distress or a breach of the contract between the parties.

### PROPOSED CONCLUSIONS OF LAW

1.      All conclusions of law stated or implied in the foregoing findings of fact are hereby adopted as conclusions of law by the Court.

2.      The Court has jurisdiction of the subject matter of the proceeding of March 26, 2001 pursuant to 42 U.S.C. Section 12188(a), 42 U.S.C. Section 12203,

and pendent jurisdiction.

3.     The Court has jurisdiction of the parties.

4.     Venue is proper in this Court pursuant to the provisions of 28 U.S.C. Section 1391.

5.     The actions taken by Santa Fe Prep to assist Forrest Tym and to notify his parents of academic and attendance problems are rationally related to the legitimate educational purposes of Santa Fe Prep and have not resulted in discrimination or retaliation under Title III of the ADA.

6.     Plaintiffs have failed to demonstrate that Plaintiff will suffer irreparable injury unless the Court awards temporary or preliminary injunctive relief.

7.     Plaintiff's have failed to demonstrate that there is a substantial likelihood they will prevail on the merits of their claims.

8.     The perceived injury to Forrest is outweighed by the harm the requested injunction would cause to Santa Fe Prep.

9.     Plaintiffs' request for temporary or preliminary injunctive relief is denied.

10.     Plaintiffs' state and federal law causes of action are derived from a common nucleus of operative facts, and the state law causes of action (Complaint, Fourth and Fifth Causes of Action) are so related to the federal actions that they form part of the same case or controversy.  (Complaint, paragraph 47). As such, relief under the state law causes of action is denied.

11.     The preliminary injunction hearing should be consolidated with the trial on

rv13\00352.p
867.000604

7

the merits.

12.    Defendants' motion for a directed verdict on the merits is granted.

**PROPOSED ORDER ON DEFENDANTS'
MOTION FOR DIRECTED VERDICT**

THIS MATTER having come before the Court for hearing on the 26th day of March 2001 on Plaintiffs' request for temporary and preliminary injunctive relief, and the Court having heard the testimony of the witnesses, reviewed the evidence introduced, and heard the arguments of counsel on Defendants' motion to dismiss, Defendants' motion for directed verdict and Defendants' motion to consolidate the preliminary injunction hearing with trial on the merits and the Court being duly and fully advised,

IT IS HEREBY ORDERED that Defendants' motion to consolidate is GRANTED and Defendants' motion for directed verdict is GRANTED, and this matter is hereby dismissed with prejudice.

Submitted this ___4th___ day of April, 2001.

Respectfully submitted,

CUDDY, KENNEDY, HETHERINGTON,
ALBETTA & IVES, LLP

By: _____

JOHN F. KENNEDY
RAMON VIGIL, JR.
Post Office Box 4160
Santa Fe, New Mexico  87504-4160
(505) 988-4476
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via facsimile to Ronald Tym, fax number (816) 691-3495, on this 4th day of April, 2001.

JOHN F. KENNEDY