IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

RONALD D. TYM, on behalf of
himself and as parent and the legal
representative of Forrest B. Tym, a
minor,

        Plaintiff,

v.                                    No. CIV 01-267 BB/LCS

SANTA FE PREPARATORY
SCHOOL, JAMES W. LEONARD,
CHRISTINA GRIFFITH, and ROB
WILDER,

        Defendants.

COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW

THIS MATTER having come on for a hearing before the Court on
March 26, 2001, on Plaintiff's request for temporary and preliminary injunctive
relief, and having heard the testimony of the witnesses and reviewed the evidence
presented, having considered the parties' proposed findings and conclusions and
having reviewed the applicable law, the Court now makes its findings of fact and
conclusions of law:

## Findings of Fact

1.   Defendant Santa Fe Preparatory School ("Santa Fe Prep") is a private college preparatory school.

2.   Santa Fe Prep is not a special needs school and its programs are not designed for students with learning disabilities.

3.   Forrest Tym is a student in his senior year at Santa Fe Prep.

4.   Plaintiff Ronald Tym and Constance "Dakota" Blair, Forrest's parents, had Forrest tested in the summer of 1999 by Karen K. Milstein, PhD., for possible learning disabilities.  It was reported to her that Forrest was "careless" and a "poor planner" who would take "offers for help with reference to his work organizational skills as personal slams."

5.   After substantial testing and reviews from teachers, Dr. Milstein reported, "Forrest is depicted as more inattentive than the average child, but not to an extreme."  She reported, "Forrest is a bright young man who tests inconsistently, as he reportedly lives his life ...  His skill levels in fact are reasonably representative of his unique mix of strengths and weaknesses."  Dr. Milstein's evaluation concluded that Forrest experiences auditory and visual perceptual problems in a manner that looks like "Attention Deficit

2

Disorder." These problems interfere with "the execution of relevant perceptual tasks to a problematic level."

6. Dr. Milstein further concluded that "this pattern of inconsistencies, considerable variability and unevenness, and perceptual difficulties is consistent with a diagnosis of a learning disability."

7. Dr. Milstein recommended that the family engage in counseling, obtain the services of a tutor who is trained in students with different learning styles, and consider medication for Forrest. Dr. Milstein did not, however, recommend special education for Forrest. She further observed, "Overall, it is to Forrest's credit that he is functioning as well as he is, but he cannot smooth over all the inconsistencies of his cognitive makeup. However, an additional problem is that Forrest does not actively seek assistance in an effective fashion. Moreover, he does not engage with his school requirements actively and forcefully enough to perform at his potential best."

8. Dr. Milstein suggested that Forrest's teachers present materials in more than one modality. Appropriate teaching strategies for Forrest would include insuring that he has an assignment book and that all assignments, with due dates, are appropriately entered.

3

9.     **Forrest's parents retained and paid for a private tutor, Eric Rounds, for the 1999-2000 school year.  His services were not continued in the 2000-2001 school year.**

10.    **Forrest's teachers at Santa Fe Prep provided accommodations by giving Forrest: individualized attention; unlimited time for tests; allowing Forrest to submit projects and homework late; changing schedules in order to allow make-up exams and assignments, revising deadlines, and offering or providing tutoring and one-on-one assistance, instruction, and advisement.**

11.    **Forrest has had an exceptional number of unexcused absences from classes at Santa Fe Prep during the 2000-2001 school year, and especially during the third quarter.  In February and March, multiple reports went to his parents showing absences and missed assignments in every class.  The March 8, 2001, English report form, for example, showed Forrest missed all four classes and failed to submit a major paper.**

12.    **Forrest's numerous unexcused absences have contributed to his low academic standing during the third quarter.**

13.    **Santa Fe Prep staff has sent multiple notes home to the parents advising of his academic difficulties, failure to submit or complete work or projects,**

non-attendance, and his risk of failure and the potential he will not graduate.

14. The Santa Fe Prep Student/Parent Handbook and the student planner which were given to Forrest, contain the School's policies and its expectations of students. They include the School's college preparatory mission, the authority to impose disciplinary consequences for unexcused absences, and the risk of failure if a student misses more that six sessions of a class in a semester.

15. Even though Forrest is not learning disabled under the ADA, the evidence presented at the hearing on March 26, 2001, demonstrates that Santa Fe Prep has provided reasonable accommodations to Forrest.

16. Forrest's parents have not sought special education services for Forrest from the local public school district, as they are entitled to do under 20 U.S.C. § 1412(a)(3)(A).

<u>Conclusions of Law</u>

1. The Court has jurisdiction of the parties.

2. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391.

3.     The Court has jurisdiction of the subject matter of the proceedings of March 26, 2001, pursuant to 42 U.S.C. § 12188(a), 42 U.S.C. § 12203, and pendent jurisdiction.

4.     Santa Fe Prep is an entity covered by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1218 *et seq.*, addressing "Public Accommodation." ADA coverage does not, as a matter of law, transform Santa Fe Prep into a special needs school.

5.     To prevail on a claim against a private college preparatory school under the ADA, a student is required to show 1) he was disabled within the meaning of the ADA; 2) he was "otherwise qualified" for participation in the program; 3) he made a request for reasonable accommodation; and 4) the school denied his request.

6.     In order for Forrest to be considered "otherwise qualified" for the academic program at Santa Fe Prep within the scope of the ADA, he must show that he is able to meet all academic requirements of the School in spite of his handicap or disability.

6

7.    Santa Fe Prep is not required, as part of a "reasonable accommodation" of a student learning disability, to substantially alter its program or lower its academic standards.

8.    Dr. Milstein's evaluation and the evidence provided at the hearing failed to demonstrate that Forrest is an otherwise qualified disabled individual within the meaning of Title III of the ADA.

9.    The evidence provided at the hearing on March 26, 2001, demonstrates that Forrest's declining academic status was not caused by Santa Fe Prep's failure to provide reasonable accommodations, but rather by his failure to timely attend class and complete assignments.

10.   Plaintiff's evidence at the preliminary injunction hearing failed to demonstrate that Defendants' actions have resulted in intentional infliction of emotional distress or a breach of the contract between the parties.

11.   The actions taken by Santa Fe Prep to assist Forrest and to notify his parents of academic and attendance problems are rationally related to the legitimate educational purposes of Santa Fe Prep and have not resulted in discrimination or retaliation under Title III of the ADA.

12.   Plaintiff has failed to demonstrate that Plaintiff will suffer irreparable injury unless the Court awards temporary or preliminary injunctive relief.

13.    Plaintiff has failed to demonstrate that there is a substantial likelihood he will prevail on the merits of his claims.

14.    Because Plaintiff has failed to prove his federal claim as a matter of law, Defendants' motion for a directed verdict on the merits of the ADA claim will be granted.

15.    With the directed verdict on the federal claim of action resolving such claim of action, this Court will no longer exercise supplemental jurisdiction over the state law causes of action (Complaint, Fourth and Fifth Causes of Action) and therefore will dismiss such causes of action.


        All tendered findings and conclusions not incorporated herein are deemed Denied.

        DATED at Albuquerque this 16th day of April, 2001.


                                        _____
                                        BRUCE D. BLACK
                                        United States District Judge

**Counsel for Plaintiff:**
   **Ronald D. Tym, Kansas City, MO**

**Counsel for Defendants:**
   **John F. Kennedy, Ramon Vigil, Jr., Santa Fe, NM**